## BROWN v. BROWN.

1. Settlement of Estate.—Exceptions alleging error in decree settling long standing estate in that it did not include rents as assets as provided in a previous order; that it gave to one devisee proceeds of sale of lands which should have gone into general assets; that it computed interest on one devise different from the computation of others; that it ratified payment to attorney of amount not provided for in previous orders; that it did not give one share credit for its share of testator's debts; that it improperly charged two shares with pro rata of attorney's fee; overruled.

2. Exceptions.—Questions not made below not considered here.

3. Notice of Application for Decree.—The order herein made was not without notice and opportunity to appellant to be heard, as notice of motion with copy of proposed order was served on appellants two months before hearing and the fact that they were styled heirs at law instead of devisees or legatees does not affect it.

4. Exceptions too general.

Before Watts, J., Florence, November, 1905. Affirmed.

Action by Wm. E. Brown and James M. Brown, executors of John A. Brown, against Louisa A. Brown *et al.* From Circuit decree, M. A. Bowen and children appeal.

*Messrs. J. T. Hay* and *De Pass & De Pass,* for appellant.

*Mr. W. F. Clayton,* contra.

July 24, 1906.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   In August, 1887, John A. Brown, of Florence County, in this State, departed this life leaving of force his last will and testament, of which the plaintiffs, W. F. Brown and James M. Brown, were appointed the executors. The testator was possessed of a large real estate and some personal property.   His estate was largely indebted to others, which indebtedness was secured by liens on his property.   Suits were threatened against his estate, and on the 9th of January, 1889, an action was commenced in the Court of Common Pleas of Florence County by the executors as plaintiffs against all the other legatees and devisees of the deceased, and creditors of the estate of the deceased were made parties defendant to settle said estate, for injunction and relief.

Certain issues involved were decided in the decree of his Honor, Judge Norton, which brought up an appeal to this Court wherein, on the 19th of April, 1893, the Supreme Court affirmed the Circuit decree, 38 S. C., 173.   The order having been remanded to the Circuit Court, such proceedings were had therein that his Honor, Judge Townsend, in November, 1894, made his decree which brought up to the Supreme Court an appeal in 45 S. C., 408, wherein the Circuit judgment was modified and was remanded to the Circuit Court for consideration.

All the lands of the said John A. Brown have been sold by the decree of the Circuit Court and all demands of creditors have been fully paid and all costs and expenses of said

estate have been paid, leaving in the clerk's hands about $4,-134.68 to be paid out.

After two months' notice, with a copy of a proposed order setting forth the shares of each of the parties, together with schedules of the receipts and disbursements by the officers of the Court, the matter came on to be considered by his Honor, Judge Watts. All the parties were represented by Mr. W. F. Clayton except Mrs. Mary A. Bowen and her children, who were represented by Mr. J. T. Hay and Messrs. De Pass & De Pass. Before Judge Watts a motion was made by said last mentioned attorneys to refer all matters involved to the referee to take testimony in regard thereto and suggest a plan for such distribution. This motion was opposed by all the other legatees and devisees of the estate on the ground that full information had been accorded by the two months' notice given by Mr. Clayton as of an estate which had been seventeen years awaiting settlement, and it appearing also that there was a very slight difference between the parties as announced in open Court, to be only $75. The Circuit Judge, therefore, refused the motion made by Mrs. Bowen and her children.

It appears by the decree announced by Judge Watts that the only difference arose touching the counsel fee of W. F. Clayton, who had for thirteen years represented the estate of J. A. Brown, and that was presented by Mrs. Bowen. Upon inquiry of said Circuit Judge, the said W. F. Clayton, as attorney, reduced his fee from $600 to $500 and cheerfully assented to allow $100 of this $500, Mrs. Bowen's share of the fee, to be held by the clerk of Court subject to the further order of the Court.

The following decree was then pronounced by Judge Watts: "This cause came up before me upon a motion to distribute the assets of the estate of John A. Brown. All the heirs have been served with a copy of the proposed order to be asked for, and no objection is made on the part of the heirs, except Mrs. M. A. Bowen. Mr. Galletly, for Mr. Hay, representing Mrs. Bowen, moves to refer the motion back to

the referee to take testimony in regard to the distributive share of each of the heirs. This motion was resisted by Mr. Clayton, who reduces his fee to $500, and consents that Mrs. M. A. Bowen shall not be liable for or pay any part of said fee. Dr. Bowen in open Court states that, so far as his wife's interest is concerned, there is only about $75 difference between his claim and the amended order offered by Mr. Clayton, and which was served on her. None of the others raised any objections. It appears that this case has been before the Courts for seventeen years, and that for more than thirteen years Mr. Clayton has been representing the interest of all the heirs, and has successfully terminated this suit in favor of the heirs. That James H. Brown is by decree of Court debarred from participating; that L. A. Brown has died since action was brought, and Elizabeth Clayton has died since her death, leaving minor children who have been made parties to this action, and that there is now in the hands of J. W. McCown, clerk of this Court, for distribution, the sum of $4,134.68. It certainly seems to me that all have had ample notice of the intention of Mr. Clayton to bring this matter to a close, and it certainly should be closed. The motion to refer is, therefore, refused.

"And it is ordered, that J. W. McCown pay to the following heirs, the sum opposite their names, upon each of them executing and delivering to him a satisfactory bond to protect the remainder under the will of John A. Brown, and if any of the heirs shall neglect to give the said bond, then the said clerk is to invest his or her share in some good and safe security, and pay over annually to him or her the interest from said investment after deducting his commission.

"To W. E. Brown the sum of $516.99; to Walter F. Brown the sum of $516.99; to Margaret Brown the sum of $258.50.

"It is further ordered that J. W. McCown, clerk, pay to W. F. Clayton, as the attorney representing his children, the sum of $1,334.45, their shares having become vested by the death of their mother, Elizabeth Clayton, to be divided

among them one-eighth each, except as to the share of Walter
F. Clayton, who is a minor; as to his share, it is to be paid to
W. F. Clayton as his natural guardian, to be expended in
defraying his expenses at a dental college.

"It is further ordered, that W. F. Clayton be and is hereby
allowed a fee of $500, to be taxed against the shares of all
of the other heirs except Mrs. M. A. Bowen, whose share
is not to be assessed, and that J. W. McCown pay over to
the said W. F. Clayton the sum of $400 of said fee, holding
and reserving $100 to protect the interest of Mrs. M. A.
Bowen, if any she has, in said amount.

"Ordered further, that the share of Mrs. M. A. Bowen,
amounting to $1,007.75, be held by the said clerk until the
further order of this Court. Ordered, that any additional
costs arising to be paid be prorated among the different
shares, and that the original notice and the amended state-
ment be filed with this order."

### STATEMENT.

Total indebtedness of John A.
   Brown, paid ...............................$8,432 13
Costs, fees and disbursements..... 2,231 73—$10,663 86
One-sixth of which is...$1,777 31
Clayton's lands sold for................ 3,000 00
Interest collected ............... 978 60— 3,978 60
Bowen's land sold for................ 3,150 00
Interest allowed .................. 220 50— 3,370 50
Cash in hands of J. W. McCown.. 4,049 68
P. A. Wilcox note................... 85 00— 4,134 86
Advanced to Clayton.................. 481 50
Advanced to Bowen ................... 300 00
Amount for distribution .......... 4,916 18
Clayton's shares .................. 3,978 60
Less debts ....................... 1,777 31— 2,201 39
Bowen's shares ................... 3,370 50
Less debts ....................... 1,777 31— 1,593 19
Clayton's share less debts......... 2,201 39
Bowen's share less debts........... 1,593 19— 3,794 58

Amount for distribution . . . .. .. ...   4,916 18
Clayton's and Bowen's share. .. .,..  3,794 58

Balance to four heirs. .. .. .. .. .. .. . .$1,121 60
  Of this—
W. E. Brown is entitled to. .. .. .. . .$  280 40
W. F. Brown is entitled to . . .. .. . ..    280 40
James H. Brown is entitled to . . . . .    280 40
Louisa A. Brown to. .. .. .. .. .. . . . . .    140 20
Margaret A. Brown to. . . . . .. ... ..    140 20—$ 1,121 60
  W. F. Clayton returns, advances, $481.50, bal. due Clayton, $1,719.89.
  Bowen returns, advances, $300, bal. due Bowen, $1,-293.19.
Clayton pays in taxes and rents. . .$  622 03
Bowen pays in taxes and rents. .. .    622 03
L. A. Brown's share, less attorney's
  fees . .. .. .. ... .. .. .. .. .. .. .. .. .. .    90 20
J. H. Brown, less attorney's fees . . .    180 40—$ 1,514 66
  This fund to be divided between Clatyon, Bowen, W. E. and W. F. Brown, one share each, and Margaret A. Brown one-half share, a full share being $336.59, and a half share being $168.30.
Clayton's share, less taxes and rents. . .. .. .. .. .. .$622 03
Bowen's share, less taxes and rents. .. .. .. .. .. .. .    622 03
W. E. Brown's share, less attorney's fees. .. .. .. .. .    100 00
W. F. Brown's share, less attorney's fees. . . . . . .. .    100 00
Margaret A. Brown's share, less attorney's fees. . . .    50 00

Attorney fee—Clayton . . .. . . . . . .. . .. .. . .. . . . . .. .$1,334 45
Attorney fee—Bowen . . . . . . . . . .. .. .. . .. .. .. ... ..  1,007 75
Attorney fee—W. E. Brown. . . . . . .. .. .. .. .. ...    516 99
Attorney fee—W. F. Brown. .. .. .. .. .. .. .. .. ... . .    516 99
Attorney fee—Margaret A. Brown. . . . . .. .. . .    258 50

Attorney's fees . . .. .. . . .. .. . .. . .. .. . . .. . .. .. .. . .$3,634 68
Amount in clerk's hands. . .. .. . . . . . .. .. .. .. . .. .. .$4,134 68

From Judge Watts' decree, Mrs. Bowen and children have appealed upon the following seven grounds, which we will consider in their order:

I. "Because said order decreed distribution of the estate of John A. Brown according to the scheme of distribution prepared by W. F. Clayton and attached to said order, which scheme of distribution was contrary to the law and evidence in that: (a) it failed to include in the assets of said estate the rents, as decreed by Judge Townsend's order, due by Mrs. Bowen and Mrs. Clayton, but treated said rents as a new fund for distribution." This is an error on the part of the appellant, because these rents were included in such settlement, for, by the order of Judge Townsend, the share of Mrs. Bowen and Mrs. Clayton of rents and profits were fixed at $622.02, and these amounts by the schedule have been included. Subdivision (a) must, therefore, be overruled.

(b) "It gave Mrs. Clayton credit, as her portion, the principal and all interest that principal drew, from the sale of the tract allowed her, when said principal and interest were assets of the estate and should have been so regarded." Inasmuch as Mrs. Clayton's lands were sold on credit by the order of the Court, and bore interest from the date of the sale, the interest was given to the estate, $978.60. As the share of Mrs. Clayton in the debts of her deceased father was only $1,177.31, this money had to be allowed her for the settlement of said estate, as appears in the settlement sheet attached to the decree. This subdivision is, therefore, overruled.

(c) "It computed interest on Mrs. Clayton's portion on a different basis from the basis adopted for Mrs. Bowen's portion." By the settlement sheet it appears that the interest on Mrs. Bowen's lands sold was only $220.50. No complaint was made in regard to this matter before Judge Watts. She is, in the settlement of her father's estate, allowed this interest. This subdivision is overruled.

(d) "It included in disbursements and fees of attorneys an item of $250 paid to W. F. Clayton, attorney, for which there is no order of Court, or authority for its payment whatsoever." The matter of $250 herein complained of was explained in the hearing before Judge Watts to be included in the costs, fees and disbursements of the $2,221.73, and there was authority of Judge Townsend for the payment of this amount. This subdivision is overruled.

(e) "It failed to give the estate of L. A. Brown credit for her portion of the indebtedness of J. H. Brown." The estate of L. A. Brown, she having died since the action was brought, without children, her share of said estate was divided out amongst Mrs. Bowen and all others entitled thereto, and the indebtedness of J. H. Brown formed no asset in the distribution of said estate, because he had already received largely more than his share of the whole estate as found by the decree of Judge Townsend, and as the estate of J. H. Bowen did not enter into this scheme for the distribution of J. A. Brown's estate, there was no error here. This subdivision is overruled.

(f) "It charged the estate of L. A. Brown with $50 of the attorney's fees of W. F. Clayton." No such question was raised before the Circuit Judge as here pointed out, but even if it had been, inasmuch as the estate of L. A. Brown was distributed amongst her brothers and sister, any cost attaching to the protection of such estate should be first paid before distribution is made. This subdivision must be overruled.

(g) "It charged the disbarred portion of J. H. Brown with $100 of the attorney's fees of W. F. Clayton."

2. No such question as here suggested was presented before Judge Watts, and, therefore, cannot be considered. This subdivision must be overruled.

II. "Because his Honor, Judge R. C. Watts, in said order allowing a fee of $500 to W. F. Clayton, and made same a charge upon the corpus of the estate of L. A. Brown and J. H. Brown, without the consent of the remaindermen."

There were no such questions as are here presented by this ground of appeal presented to Judge Watts. Therefore this exception is overruled.

III. "Because his Honor, Judge R. C. Watts, in said order, after decreeing that Mrs. Bowen's portion should not be chargeable with any portion of the fee allowed to W. F. Clayton of $500, forthwith charged her share with a portion of said fee." There was no such question and no testimony under the same presented to Judge Watts as is here complained of. The exception is, therefore, overruled.

IV. "Because his Honor, Judge R. C. Watts, passed an order over the objections of Mrs. M. A. Bowen, without giving her an opportunity to be heard, either before the Court or before a referee." There can be no possible excuse for this exception, because Mrs. M. A. Bowen was given two months' notice of the motion heard by Judge Watts, and filed no exception to the scheme of settlement proposed. She was heard by her attorney, who contented himself with making a motion for a reference and did not verbally or in writing present any objections to the said decree. Her husbnd, in open Court, before Judge Watts, stated that $75 was the only difference between his wife and Mr. Clayton. She cannot be said, therefore, to have had no opportunity to be heard. This exception is overruled.

V. "Because said order is contrary to the terms of the will of John A. Brown, deceased, and the decree of Judge Norton and Judge Townsend." This exception is too general to demand attention, and it is overruled.

VI. "Because said order is contrary to the statute of distribution." These exceptions are entirely too general to be considered, and they are, therefore, overruled.

VII. "Because said order was passed by his Honor, Judge R. C. Watts, without adequate notice to the appellants herein, and without giving her an opportunity to be heard." By the argument submitted by the attorney for Mrs. Bowen

and children, it seems that this exception relates to the fact that Mr. Clayton gave notice to the heirs at law of John A. Brown, deceased, of the motion to distribute the assets of the estate of John A. Brown. It would have been more technical to have referred to them in the notice as legatees and devisees under the will of J. H. Brown, deceased, but they were parties to this suit, and there could exist no doubt as to the estate of the parties referred to. Otherwise she was fully heard. This exception is, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS *did not sit in this case.*